IN THE UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
GALVESTON DIVISION

| | | |
|---|---|---|
| **WORLDWIDE PRIORITIES, LTD.,** | § | |
| *Plaintiff*, | § | |
| | § | |
| V. | § | |
| | § | C.A. NO. 3:15-CV-47 |
| **PANTAENIUS AMERICAN YACHT** | § | |
| **INSURANCE, AGCS MARINE** | § | |
| **INSURANCE COMPANY, STARR** | § | |
| **INDEMNITY & LIABILITY COMPANY,** | § | |
| **AND LIBERTY MUTUAL INSURANCE** | § | |
| **COMPANY,** | § | |
| *Defendants*. | § | |

### DEFENDANT PANTAENIUS AMERICA LTD.'S AMENDED ANSWER

TO THE HONORABLE UNITED STATES DISTRICT JUDGE:

Defendant PANTAENIUS AMERICA LTD., incorrectly sued herein as "PANTAENIUS AMERICAN YACHT INSURANCE" ("Pantaenius"), respectfully submits this Amended Answer to the Plaintiff's Original Complaint ("the Complaint").

### I.
### ADMISSIONS AND DENIALS

1. In response to the allegations in paragraph 1. of the Complaint, Pantaenius presently lacks sufficient information to admit or deny the allegations in the first sentence regarding the nature of Plaintiff's business or the manner of its organization. Pantaenius admits that an insurance policy, no. 20724372-11, hereafter "the Policy," was issued to the Plaintiff by AGCS Marine Insurance Company, Liberty Mutual Insurance Company, Starr Indemnity & Liability Company, and Torus National Insurance Company as the "Issuing Insurance Companies" on the Policy. Pantaenius denies that it is an underwriter or insurer on the Policy, as

1

the Policy specifically identifies Pantaenius as the Managing General Agent for the Policy. Pantaenius thus further denies that it has any liability on the Policy as an underwriter or insurer. Pantaenius admits the allegation in the last sentence that the Policy provides coverage for sudden and accidental damage from perils such as lightning strikes, but subject to all other terms and conditions in the Policy. Pantaenius denies any remaining material allegations in that paragraph.

2. In response to the allegations in paragraph 2. of the Complaint, Pantaenius denies the allegations in the first sentence. Pantaenius denies the allegation in the second sentence that it "provided" or "was responsible for" the Policy, as the Policy specifically identifies Pantaenius as the "Managing General Agent" for the Policy. To the extent the allegations that Pantaenius "provided" or "was responsible for" the Policy are intended to imply that Pantaenius has any liability on the Policy as an underwriter or insurer, Pantaenius denies all such allegations. Pantaenius denies the remaining material allegations in that paragraph.

3. In response to the allegations in paragraph 3. of the Complaint, Pantaenius lacks sufficient information to admit or deny the allegations in the first sentence as to the domicile of AGCS MARINE INDEMNITY COMPANY ("AGCS"). In response to the allegation that AGCS "provided" or "was responsible for" the Policy, Pantaenius admits that AGCS is one of the "Issuing Insurance Companies" on the Policy. Pantaenius lacks sufficient information to admit or deny that service on AGCS is legally sufficient. Pantaenius denies the remaining material allegations in that paragraph.

4. In response to the allegations in paragraph 4. of the Complaint, Pantaenius lacks sufficient information to admit or deny the allegations in the first sentence as to the domicile of STARR INDEMNITY & LIABILITY COMPANY ("Starr"). In response to the allegation that Starr "provided" or "was responsible for" the Policy, Pantaenius admits that Starr is one of the "Issuing Insurance Companies" on the Policy. Pantaenius lacks sufficient information to admit

or deny that service on Starr is legally sufficient. Pantaenius denies the remaining material allegations in that paragraph.

5. In response to the allegations in paragraph 5. of the Complaint, Pantaenius lacks sufficient information to admit or deny the allegations in the first sentence as to the domicile of LIBERTY MUTUAL INSURANCE COMPANY ("Liberty Mutual"). In response to the allegation that Liberty Mutual "provided" or "was responsible for" the Policy, Pantaenius admits that Liberty Mutual is one of the "Issuing Insurance Companies" on the Policy. Pantaenius lacks sufficient information to admit or deny that service on Liberty Mutual is legally sufficient. Pantaenius denies the remaining material allegations in that paragraph.

6. In response to the allegations in paragraph 6. of the Complaint, Pantaenius admits that the Court may properly exercise personal jurisdiction over Pantaenius. Pantaenius denies any remaining material allegations in that paragraph.

7. In response to the allegations in paragraph 7. of the Complaint, Pantaenius lacks sufficient information to admit or deny the allegations pertaining to subject matter jurisdiction, as Plaintiff has failed to allege its basis for invoking federal jurisdiction, *e.g.*, admiralty or diversity of citizenship, and has furthermore failed to plead an amount in controversy. Pantaenius denies any remaining material allegations in that paragraph.

8. In response to the allegations in paragraph 8. of the Complaint, Pantaenius denies that venue is proper in the Galveston Division of the United States District Court for the Southern District of Texas. This case is subject to arbitration in the State of New York pursuant to the terms and conditions of the contract of insurance between the Plaintiff and the "Issuing Insurance Companies" on the Policy.

9. In response to the allegations in paragraph 9. of the Complaint, Pantaenius admits that the Policy was issued to the Plaintiff by AGCS, Liberty Mutual, Starr, and Torus National

Insurance Company as the "Issuing Insurance Companies" on the Policy. Pantaenius denies the allegation that it is an underwriter on the Policy, as the Policy specifically identifies Pantaenius as the "Managing General Agent." As an agent, Pantaenius thus further denies that it has any liability on the Policy as an underwriter or insurer. Pantaenius denies any remaining material allegations in that paragraph.

10. In response to the allegations in paragraph 10. of the Complaint, Pantaenius presently lacks sufficient information to admit or deny the material allegations in that paragraph.

11. In response to the allegations in paragraph 11. of the Complaint, Pantaenius admits that the Plaintiff submitted an insurance claim, contending that a lightning strike on or about October 27, 2013, caused damage to the subject vessel, and seeking coverage for the cost to repair the vessel. Pantaenius denies all the remaining material allegations in that paragraph.

12. In response to the allegations in paragraph 12. of the Complaint, Pantaenius denies all the material allegations therein.

13. In response to the allegations in paragraph 13. of the Complaint, Pantaenius denies all the material allegations therein.

14. In response to the allegations in paragraph 14. of the Complaint, Pantaenius denies any allegation that the insurers have failed to pay for covered damage to the vessel. Pantaenius denies the remaining material allegations in that paragraph.

15. In response to the allegations in paragraph 15. of the Complaint, Pantaenius denies all the material allegations therein.

16. In response to the allegations in paragraph 16. of the Complaint, Pantaenius denies all the material allegations therein.

17. In response to the allegations in paragraph 17. of the Complaint, Pantaenius denies all the material allegations therein.

18. In response to the allegations in paragraph 18. of the Complaint, Pantaenius denies all the material allegations therein.

19. In response to the allegations in paragraph 19. of the Complaint, Pantaenius denies all the material allegations therein. Because the Policy issued to the Plaintiff is a policy of "marine insurance" as defined under TEX.INS.CODE § 1807.001, Pantaenius denies that the Policy is subject to Chapter 542 of the Texas Insurance Code. TEX.INS.CODE § 542.053(a)(5). Pantaenius, as an agent, further denies that it has any liability under Chapter 542, because it is not an insurer or underwriter under the Policy.

20. In response to the allegations in paragraph 20. of the Complaint, Pantaenius denies all the material allegations therein. Because the Policy issued to the Plaintiff is a policy of "marine insurance" as defined under TEX.INS.CODE § 1807.001, Pantaenius denies that the Policy is subject to Chapter 542 of the Texas Insurance Code. TEX.INS.CODE § 542.053(a)(5). Pantaenius, as an agent, further denies that it has any liability under Chapter 542, because it is not an insurer or underwriter under the Policy.

21. In response to the allegations in paragraph 21. of the Complaint, Pantaenius denies all the material allegations therein. Because the Policy issued to the Plaintiff is a policy of "marine insurance" as defined under TEX.INS.CODE § 1807.001, Pantaenius denies that the Policy is subject to Chapter 542 of the Texas Insurance Code. TEX.INS.CODE § 542.053(a)(5). Pantaenius, as an agent, further denies that it has any liability under Chapter 542, because it is not an insurer or underwriter under the Policy.

22. In response to the allegations in paragraph 22. of the Complaint, Pantaenius denies the allegation that the Defendants have failed to pay any portion of the claim for which liability was "reasonably clear." Pantaenius denies the remaining material allegations in that paragraph.

23. In response to the allegations in paragraph 23. of the Complaint, Pantaenius responds that the assertions in that paragraph contain no factual assertions for which a response is required. To the extent that any response is necessary, Pantaenius denies all the material allegations in that paragraph.

24. In response to the allegations in paragraph 24. of the Complaint, Pantaenius denies all the material allegations in that paragraph.

25. In response to the allegations in paragraph 25. of the Complaint, Pantaenius denies all the material allegations in that paragraph.

26. In response to the allegations in paragraph 26. of the Complaint, Pantaenius denies all the material allegations in that paragraph.

27. In response to the allegations in paragraph 27. of the Complaint, Pantaenius denies all the material allegations in that paragraph.

28. In response to the allegations in paragraph 28. of the Complaint, Pantaenius denies all the material allegations in that paragraph.

29. In response to the allegations in paragraph 29. of the Complaint, Pantaenius denies all the material allegations in that paragraph.

30. In response to the allegations in paragraph 30. of the Complaint, Pantaenius denies all the material allegations in that paragraph.

31. In response to the allegations in paragraph 31. of the Complaint, Pantaenius denies all the material allegations in that paragraph.

32. In response to the allegations in paragraph 32. of the Complaint, Pantaenius denies all the material allegations therein. Because the Policy issued to the Plaintiff is a policy of "marine insurance" as defined under TEX. INS. CODE § 1807.001, Pantaenius denies that the Policy is subject to Chapter 542 of the Texas Insurance Code. TEX. INS. CODE § 542.053(a)(5).

Pantaenius, as an agent, further denies that it has any liability under Chapter 542, because it is not an insurer or underwriter under the Policy.

33.     In response to the allegations in paragraph 33. of the Complaint, Pantaenius denies all the material allegations therein.  Because the Policy issued to the Plaintiff is a policy of "marine insurance" as defined under TEX.INS.CODE § 1807.001, Pantaenius denies that the Policy is subject to Chapter 542 of the Texas Insurance Code.  TEX.INS.CODE § 542.053(a)(5).  Pantaenius, as an agent, further denies that it has any liability under Chapter 542, because it is not an insurer or underwriter under the Policy.

34.     In response to the allegations in paragraph 34. of the Complaint, Pantaenius denies all the material allegations therein.  Because the Policy issued to the Plaintiff is a policy of "marine insurance" as defined under TEX.INS.CODE § 1807.001, Pantaenius denies that the Policy is subject to Chapter 542 of the Texas Insurance Code.  TEX.INS.CODE § 542.053(a)(5).  Pantaenius, as an agent, further denies that it has any liability under Chapter 542, because it is not an insurer or underwriter under the Policy.

35.     In response to the allegations in paragraph 35. of the Complaint, Pantaenius denies all the material allegations therein.  Because the Policy issued to the Plaintiff is a policy of "marine insurance" as defined under TEX.INS.CODE § 1807.001, Pantaenius denies that the Policy is subject to Chapter 542 of the Texas Insurance Code.  TEX.INS.CODE § 542.053(a)(5).  Pantaenius, as an agent, further denies that it has any liability under Chapter 542, because it is not an insurer or underwriter under the Policy.

36.     In response to the allegations in paragraph 36. of the Complaint, Pantaenius denies all the material allegations in that paragraph.  Pantaenius, as an agent, further denies that it has any liability for breach of contract.  Pantaenius is not an insurer or underwriter and is not a party to the insurance contract.

37. In response to the allegations in paragraph 37. of the Complaint, Pantaenius denies all the material allegations in that paragraph. Pantaenius, as an agent, further denies that it has any liability for breach of contract. Pantaenius is not an insurer or underwriter and is not a party to the insurance contract.

38. In response to the allegations in paragraph 38. of the Complaint, Pantaenius denies all the material allegations in that paragraph. Pantaenius, as an agent, further denies that it owes a common law duty of good faith and fair dealing, as that is a non-delegable duty owed only by insurers under Texas law. Pantaenius therefore denies that it can have any liability for breach of the duty of good faith and fair dealing at all.

39. In response to the allegations in paragraph 39. of the Complaint, Pantaenius denies all the material allegations in that paragraph. Pantaenius, as an agent, further denies that it owes a common law duty of good faith and fair dealing, as that is a non-delegable duty owed only by insurers under Texas law. Pantaenius therefore denies that it can have any liability for breach of the duty of good faith and fair dealing.

40. In response to the allegations in paragraph 40. of the Complaint, Pantaenius denies all the material allegations in that paragraph.

41. In response to the allegations in paragraph 41. of the Complaint, Pantaenius denies all the material allegations in that paragraph.

42. In response to the allegations in paragraph 42. of the Complaint, Pantaenius denies all the material allegations in that paragraph. Pantaenius, as an agent, further denies that it has any liability for breach of contract. Pantaenius is not an insurer or underwriter and is not a party to the insurance contract.

43. In response to the allegations in paragraph 43. of the Complaint, Pantaenius denies all the material allegations in that paragraph.

44. In response to the allegations in paragraph 44. of the Complaint, Pantaenius denies all the material allegations in that paragraph. Because the Policy issued to the Plaintiff is a policy of "marine insurance" as defined under TEX.INS.CODE § 1807.001, Pantaenius denies that the Policy is subject to Chapter 542 of the Texas Insurance Code. TEX.INS.CODE § 542.053(a)(5). Pantaenius, as an agent, further denies that it has any liability under Chapter 542, because it is not an insurer or underwriter under the Policy.

45. In response to the allegations in paragraph 45. of the Complaint, Pantaenius denies all the material allegations in that paragraph. Pantaenius, as an agent, further denies that it owes a common law duty of good faith and fair dealing, as that is a non-delegable duty owed only by insurers under Texas law. Pantaenius therefore denies that it can have any liability for breach of the duty of good faith and fair dealing.

46. In response to the allegations in paragraph 46. of the Complaint, Pantaenius denies all the material allegations in that paragraph.

47. In response to the allegations in paragraph 47. of the Complaint, Pantaenius denies all the material allegations in that paragraph.

48. In response to the allegations in paragraph 48. of the Complaint, Plaintiff's request for a jury is not a factual allegation for which a response is required by Pantaenius.

49. Pantaenius denies that Plaintiff is entitled to the relief sought.

## II.
## AFFIRMATIVE DEFENSES

50. **Conditions Precedent.** Pantaenius specifically denies that Plaintiff complied with all conditions precedent to coverage under the insurance policy contract pursuant to which the insurance claim made the basis of this action has been presented. Pantaenius further specifically denies that Plaintiff has have complied with all conditions precedent to bringing this cause of

action.

51. **Anticipatory Breach of Contract by Plaintiffs.** By filing this suit, Plaintiff itself has breached the insurance policy at issue. The policy specifically provides:

> **A11: JURISDICTION AND CHOICE OF LAW**
>
> This insurance policy shall be governed by and construed in accordance with well established and entrenched principles and precedents of substantive United States Federal Maritime Law, but where no such established and entrenched principles and precedents exist, the policy shall be governed and construed in accordance with the substantive laws of the State of New York, without giving effect to its conflict of laws principles, and the parties hereto agree that any and all disputes arising under this policy shall be resolved exclusively by binding arbitration to take place within New York County, in the State of New York, and to be conducted pursuant to the Rules of the American Arbitration Association.[1]

By filing this suit in Texas, Plaintiff has violated this clause and has acted in anticipatory breach of the contract between the parties.

52. **Contractual Arbitration Clause Precludes this Suit.** The policy under which Plaintiff's insurance claim was submitted contains an exclusive and binding arbitration clause (quoted above) under which Plaintiff agreed to arbitrate in the State of New York. This Defendant reserves the right to enforce this arbitration clause by moving to compel arbitration and to dismiss this lawsuit pursuant to Rule 12(b)(1) and Rule 12(b)(3) of the Federal Rules of Civil Procedure, the principle of *forum non conveniens,* and the general maritime law, and to stay this lawsuit pending arbitration pursuant to 9 U.S.C. §3.

53. **Policy Terms Preclude Liability.** Plaintiff cannot recover, in whole or in part, on its causes of action because the policy at issue contains exclusions and provisions which negate coverage, in whole or in part, for certain damages alleged by the Plaintiff. All terms of the contract between Plaintiff and the insurers are contained in the Policy. Plaintiff has a duty to

---

[1] The Policy, "General Terms and Conditions," ¶ A11.

read its policy and is legally charged with knowledge of its contents.[2]  Further, coverage cannot be created by misrepresentation, waiver, or estoppel where it is not provided in the policy contract.[3]  The Policy contains the following relevant terms which may affect coverage or the Defendants' liability in this suit:

> **A2(b): OCCURRENCE**
> For coverage under this policy to apply, all physical loss or damage, bodily injury, liability and all occurrences giving rise to any claim under this policy must occur during the policy period.  Occurrence means a sudden and unexpected event or an accident to which this insurance applies which happens within the insured period.  Continuous or repeated exposure to substantially the same general condition, unless excluded, is considered one (1) occurrence.
>
> **A8: INSURED'S OBLIGATION UNDER THE INSURANCE POLICY**
>
> **A8(a):** The insured warrants that it will exercise due diligence to establish, keep, and maintain the insured vessel(s) and all other insured property in good and seaworthy condition and repair at all times. Failure to exercise such due diligence will result in the denial of any claim if such failure is a proximate cause of the loss.
>
> **A8(b):** The insured also warrants to exercise the utmost good faith in advising Pantaenius about all material facts concerning the insured, the insured vessel(s) and all other insured property at the commencement of the policy and throughout the insured period.  Any failure to comply with this duty entitles Pantaenius to void coverage from the inception of this policy.  All coverage under this policy will be voided from the inception of the policy if the Insured intentionally conceals or misrepresents any material fact or circumstance relating to this contract of insurance, or the application for this insurance, whether before or after a loss or occurrence.
>
> **A10: NO JOINT LIABILITY BETWEEN INSURANCE COMPANIES**
> If the policy of insurance is underwritten by more than one insurance company, each insurer is liable only for its share and there shall be no joint liability.  Pantaenius is the Managing General Agent for the Insurance Company.  Pantaenius is not an insurer or insurance company and has no liability for meeting the liabilities of the Insurance Company.

---

[2] *See Ruiz v. Government Employees Ins. Co.,* 4 S.W.3d 838, 841 (Tex. App.—El Paso 1999, no pet.); *Garrison Contractors, Inc. v. Liberty Mut. Ins. Co.,* 927 S.W.2d 296, 300 (Tex. App.—El Paso 1996), *aff'd,* 966 S.W.2d 482 (Tex.1998); *Pankow v. Colonial Life Ins.,* 932 S.W.2d 271, 277 (Tex. App.—Amarillo 1996, writ denied); *Amarco Petroleum, Inc. v. Texas Pacific Indemnity Co.,* 889 S.W.2d 695, 699 (Tex. App.—Houston [14th Dist.] 1994, writ denied).

[3] *See Ulico Cas. Co. v. Allied Pilots Ass'n,* 262 S.W.3d 773 (Tex. 2008) (abrogating *Farmers Texas County Mutual Ins. Co. v. Wilkinson,* 601 S.W.2d 520 (Tex. Civ. App.—Austin 1980, writ ref'd n.r.e.)).

### B. HULL AND PROPERTY COVERAGE

**B1: ALL RISK INSURANCE**
This policy covers the Insured against all accidental risks of physical loss or damage to the insured property.

**B4: EXCLUSIONS**
There is no coverage under the Hull and Property Coverage Section B of this insurance policy for the following:

**B4(a): CONSEQUENTIAL DAMAGES OR LOSS**
Any and all consequential damages and consequential losses, including, but not limited to, reduced racing performance, impairment of other non-essential performance characteristics, loss of market value, loss of manufacturer's warranty, survey, consulting, travel, and other costs incurred at Insured's discretion without the prior written approval of Pantaenius, and loss of use.

**B4(d): WEAR AND TEAR AND INHERENT VICE**
The presence of wear and tear or inherent vice, including, but not limited to, deterioration, corrosion, oxidation, electrolysis, delamination, osmosis, or blistering, however caused, and any and all damages or losses caused by wear and tear or inherent vice, including but not limited to deterioration, corrosion, oxidation, electrolysis, delamination, osmosis, or blistering.  This exclusion applies only to coverage of the affected part, except in the case of mechanical breakdown or derangement of machinery due to any of the foregoing or similar causes, in which case this exclusion also applies to the coverage of the entire machinery.

Some or all of these provisions, or other provisions which may be identified as litigation progresses, may limit or negate liability for the damages claimed by the Plaintiff.  By citing specific portions of the policy, this Defendant does not waive its right to rely on any and all policy terms.  This Defendant specifically reserves the right to rely on additional policy terms as information becomes available suggesting they may be relevant.

54.     **Liability Not "Reasonably Clear."**  As to Plaintiff's extra contractual claims alleging bad faith, a bona fide controversy existed and continues to exist concerning Plaintiff's entitlement, if any, to insurance benefits under the Policy. An insurer possesses the right to value claims differently from those asserting claims under the policy without facing bad faith liability.

Even though Pantaenius, as an agent owes no duty of good faith and fair dealing, it will show, if necessary to its defense, that a bona fide controversy existed regarding the disputed portions of the alleged loss.

55.     **Limit of Liability and Deductible.**  In the unlikely event Plaintiff prevails on all or part of its claims against the Defendants, any recovery will be subject to the applicable limits or sub-limits of insurance stated in the Policy and the appropriate deductible.  The policy provides the following applicable limit and deductible terms:

| | | |
|---|---|---:|
| **Agreed fixed value** | | |
| Hull incl. inventory, equipment, engine and tenders | USD | 7,400,000.00 |
| Personal effects | USD | 100,000.00 |
| | USD | 7,500,000.00 |
| Deductible: | USD | 38,000.00 |

56.     **Credit/Offset.**  In the unlikely event Plaintiff prevails on all or part of its claims against the Defendants, then any recovery must be offset against amounts already paid to Plaintiff by the Defendants, other insurers, or third parties who may be held responsible to Plaintiff for the damages alleged herein.

57.     **Plaintiffs Cannot Recover For a Breach of the Texas Common Law Duty Of Good Faith Without Pleading and Proving A Breach Of The Policy Contract.**  A cause of action for breach of the duty of good faith and fair dealing may be established when an insurer has no reasonable basis for denying or delaying payment of a claim, and the insurer knew or should have known that fact.  When the underlying claim upon which an insured's extra-contractual claims are premised is found to have been properly denied, however, the insured's extra-contractual claims necessarily fail.  The common-law duty of good faith only applies when there is existence of a valid claim for breach of the insurance contract.  The first requirement of the breach of the duty of good faith and fair dealing is the existence of a contract between the plaintiff and the defendant that creates a special relationship which gives rise to a duty of good

faith and fair dealing. Texas Courts and the Fifth Circuit have consistently held that an insured cannot recover for breach of the common law duty of good faith and fair dealing if there has been no breach of the insurance contract. Plaintiff has no insurance contract with Pantaenius. Furthermore, Plaintiff has failed to establish the breach of a contract by the Defendant insurers. Plaintiff's claim for the common-law duty of good faith and fair dealing fails because such a relationship can only, as a matter of law, arise out of an insurance policy since the duty emanates from the special relationship that is created by that contract.

58. **A Bona Fide Dispute As To Liability Cannot Be A Breach Of The Duty Of Good Faith.** Where there is a *bona fide* dispute about an insurer's liability on the contract, failure to pay even a *covered* claim will not rise to the level of bad faith.[4] Evidence establishing only a "bona fide coverage dispute," without more, does not rise to the level of bad faith.[5] Plaintiffs allegations describe a prima facie *bona fide* dispute between experts who reached different conclusions over the cause of portions of the subject loss. Plaintiff has failed to plead any facts supporting a common law bad faith claim upon which relief can be granted.

59. **Plaintiffs' Insurance Code and DTPA Causes Of Action Lack Foundation.** When an insured joins claims under the Texas Insurance Code and the DTPA with a bad faith claim, all asserting a wrongful denial of policy benefits, if there is no merit to the bad faith claim, there can be no liability on either of the statutory claims.[6] The mere formulaic recitation of the

---

[4] *Provident Am. Ins. v. Castaneda*, 988 SW.2d 189, 194 (Tex. 1998). *United State Fire Ins. Co. v. Williams*, 955 S.W.2d 267, 268 (Tex. 1997).

[5] *State Farm Fire & Cas. Co. v. Simmons*, 963 S.W.2d 42, 44 (Tex. 1998); *Williams*, 955 S.W.2d at 268.

[6] *See Universe Life Ins. Co. v. Giles*, 950 S.W. 2d 48, 49 (Tex. 1997) (noting the new standard adopted in bad faith actions unifies the common-law and statutory standards); *Lyons v. Millers Cas. Ins. Co.,* 866 S.W.2d 597, 601 (Tex. 1993) (disposing of common-law bad faith and DTPA counts together); *Emmert v. Progressive County Mut. Ins. Co.*, 882 S.W.2d 32, 35 (Tex. App.—Tyler 1994, writ denied); *State Farm Lloyds, Inc. v. Polasek*, 847 S.W. 2d 279, 282 n.2 (Tex. App.—San Antonio 1992, writ denied); *Koral Indus., Inc. v. Security-Connecticut Life Ins. Co.,* **788 S.W.2d 136, 147-48** (Tex. App.—Dallas 1990, writ denied per curiam, 802 S.W.2d 650 (Tex.1990)); *Higginbotham v. State Farm Mut. Auto Ins. Co.*, 103 F. 3d 456 (5th Cir.

legal elements of a common-law or statutory cause of action, without supporting facts alleged in reasonable detail, does not adequately state a cause of action.[7] Unless and until Plaintiff pleads and proves a breach of the insurance contract, there can be no recovery for any of the extra-contractual allegations plead herein against any of the Defendants.

60. **Preclusion and/or Tolling of Insurance Code Chapter 542 Penalties.** Because the Policy issued to the Plaintiff is a policy of "marine insurance" as defined under TEX.INS.CODE § 1807.001, Defendant denies that the Policy is subject to Chapter 542 of the Texas Insurance Code. TEX.INS.CODE § 542.053(a)(5). Furthermore, the Plaintiff's own delays, actions, and omissions in pursuing the subject claim or in prosecuting this action—which should not inure to Plaintiff's financial benefit—have waived or tolled the accrual of penalty interest under Texas Insurance Code Chapter 542. Under equitable principles, Plaintiff has waived, forfeited, is estopped from asserting, and has otherwise relinquished Plaintiff's entitlement to the 18% penalty under Texas Insurance Code Chapter 542, even if applicable, or any other time-based penalty or interest as a result of the Plaintiff's own discretionary delays and inaction. Further, the above failures may constitute a failure of conditions precedent to recovery under Insurance Code Chapter 542, resulting in Plaintiff's waiver of any right to recover 18% interest under Chapter 542 of the Texas Insurance Code, or, in the alternative, Plaintiff is estopped from enforcing any such penalties, or has tolled or rendered inapplicable any such penalties, by failing to notify Defendants in writing of the basis for the Plaintiff's assertion that additional monies are due on the insurance claim, by failing to provide Defendants with information or items that

---

1997) (holding Texas courts have clearly ruled that [DTPA and Insurance Code] claims require the same predicate for recovery as bad faith causes of action in Texas); *Douglas v. State Farm Lloyds*, 37 F. Supp. 2d 532, 544 (S.D. Tex. 1999) *see also Lusk v. Puryear*, 896 S.W.2d 377, 380 (Tex. App.—Amarillo 1995, no writ) (holding a Chapter 542 claim is not a separate cause of action from a breach of contract claim).

[7] *See Subia v. Texas Dept. of Human Serv.*, 750 S.W.2d 827, 829 (Tex. App. – El Paso 1988, no writ) (allegations solely tracking statutory grounds did not give defendants fair notice of facts and circumstances).

would allow them to establish final proof of loss of any covered damage beyond that previously paid to Plaintiff or by failing to notify Defendants that Plaintiff believed any additional investigation or payments were required in order to fully compensate Plaintiff for a covered loss.

61. **Due Process.** To the extent that Plaintiff prays for punitive damages, Defendant invokes its rights under the due process clause of the Fifth Amendment of the United States Constitution as applied to the states through the Fourteenth Amendment of the United States Constitution. Defendant affirmatively pleads that the Plaintiff's pleading of punitive and/or exemplary damages is violative of the due process clauses of the Fifth and Fourteenth Amendments inasmuch as punitive and/or exemplary damages can be assessed:

   a. In an amount left to the discretion of the jury and judge;

   b. In assessing such penalty or exemplary awards, Plaintiff must prove the theory of gross negligence on a "clear and convincing" standard and not a "beyond a reasonable doubt" standard as should be required in assessing a punishment award;

   c. Further, the Defendant's officers, who are subject to any award do not have the right to refuse to testify against themselves, but must in fact take the stand and/or give deposition testimony or subject their company to the consequences of a default judgment;

   d. The assessment of such a punishment and/or exemplary award is not based upon a clearly defined statutory enactment setting forth a specific means requirement and/or the prerequisites of criminal fine and in effect, allows the assessment of such awards even though there are no special standards, limits or other statutory requirements set forth that define the means and scope and limit of such awards. Therefore, the awards are unduly vague and do not meet the requirements of due process; and

   e. In essence, the Defendant herein is subject to all of the hazards and risks of what amounts to a fine, and in fact, such awards often exceed normal criminal fines, but the Defendant receives none of the basic rights accorded to a criminal defendant when being subjected to possible criminal penalties.

62. **Equal Protection.**  To the extent the Plaintiff prays for punitive damages, such request should be denied as violative of the equal protection rights guaranteed by the Fifth and Fourteenth Amendments to the Constitution of the United States, the provisions of the Eighth Amendment to the Constitution of the United States, and the Constitution of the State of Texas, Article I, Section 13 and 19.

63. **Punitive Damage Limitation.**  With respect to Plaintiff's claim for damages, any award of punitive damages must be limited to the greater of:  (1) two times the amount of economic damages plus an amount equal to any non-economic damages found by the jury, not to exceed $750,000; or (2) two times the amount of economic damages plus $200,000, pursuant to the statutory mandates of Texas Civil Practice & Remedies Code §§ 41.002-41.009.

64. **Concurrent Causation.**  Under the doctrine of concurrent causation, an insured's recovery is limited to the amount of damage caused by a covered peril.  In other words, when a loss is caused by covered and non-covered perils, the insured may recover only that portion of the damage caused solely by the covered peril.  Because the insured is required to prove that the damage is covered by the policy, the burden of segregating the damage attributable solely to the covered peril from the damage attributable to the non-covered peril is a coverage issue on which the insured bears the burden of proof.

65. **Responsibility of Others.**  Pursuant to Chapter 33 of the Texas Civil Practice and Remedies Code, Defendant is entitled to a credit or appropriate offset for: (a) any damages or losses attributable to the conduct, products, and breaches of third parties; and (b) any amounts paid in settlement by or on behalf of such third parties.

66. **Failure to State a Claim upon which Relief can be Granted.**  This lawsuit fails to state a claim upon which relief can be granted as against this Defendant in that this Defendant acted in all respects as an agent for disclosed principals, which were the "Issuing Insurance

17

Companies" under the Policy and contract of insurance upon which all allegations of the Plaintiff's Complaint are premised, and this Defendant has no responsibility as an insurer or underwriter under the said Policy and contract of insurance. This Defendant reserves the right to move to dismiss this lawsuit pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure.

      67.    **Rule 11 Sanctions**. The claims asserted in the Complaint against this Defendant are presented for improper purposes, are without evidentiary or factual support, and indicate a lack of reasonable inquiry and investigation by Plaintiff's counsel, in that the Policy and contract of insurance upon which Plaintiff's Complaint is founded clearly specifies that Defendant Pantaenius America Ltd. is an agent only for the issuing insurance companies identified in the Policy and that Pantaenius is not an insurer or a party to the contract of insurance. The policy states in Section A1 that: "When the word Pantaenius is used anywhere in the policy it specifically and solely refers to Pantaenius in its capacity as an agent acting on behalf of the Insurance Company, and any rights or obligations said to be conferred on Pantaenius or agreements said to be made by Pantaenius under the policy are conferred on and made by the Insurance Company." This Defendant reserves the right to move for sanctions pursuant to Rule 11 of the Federal Rules of Civil Procedure.

### III.
### PRAYER

      WHEREFORE, PREMISES CONSIDERED, Defendant Pantaenius America Ltd. respectfully prays that upon final trial and hearing hereof, Plaintiff take nothing against this Defendant, and that this Defendant have and recover such other and further relief to which it may be justly entitled.

Respectfully submitted,

MARTIN, DISIERE, JEFFERSON & WISDOM, L.L.P.

By: /s/ *Christopher W. Martin*
    Christopher W. Martin
    E-Mail: martin@mdjwlaw.com
    State Bar No.: 13057620
808 Travis Street, 20th Floor
Houston, Texas 77002
Telephone: (713) 632-1700
Facsimile: (713) 222-0101
**ATTORNEY IN CHARGE FOR DEFENDANT PANTAENIUS AMERICA LTD.**

OF COUNSEL:

P. Wayne Pickering
Texas Bar No.: 15975030
pickering@mdjwlaw.com
MARTIN, DISIERE, JEFFERSON & WISDOM, L.L.P.
800 Travis Street, 20th Floor
Houston, Texas 77002
Telephone: (713) 632-1700
Facsimile: (713) 222-0101

## CERTIFICATE OF SERVICE

This is to certify that a true copy of the above and foregoing instrument has been forwarded to all counsel listed below on April 9, 2015, through electronic service via the ECF system.

    Anthony G. Buzbee
    Tbuzbee@txattorneys.com
    Christopher J. Leavitt
    Cleavitt@txattorneys.com
    THE BUZBEE LAW FIRM
    J.P. Morgan Chase Tower
    600 Travis, Suite 7300
    Houston, Texas 77002
    Phone: 713-223-5393
    Fax: 713-223-5909
    **Attorneys for Plaintiff**

    */s/ P. Wayne Pickering*
    P. Wayne Pickering