IN THE UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
GALVESTON DIVISION

| | | |
|---|---|---|
| **WORLDWIDE PRIORITIES, LTD.,** | § | |
| *Plaintiff*, | § | |
| | § | |
| **V.** | § | |
| | § | C.A. NO. 3:15-CV-47 |
| **PANTAENIUS AMERICAN YACHT** | § | |
| **INSURANCE, AGCS MARINE** | § | |
| **INSURANCE COMPANY, STARR** | § | |
| **INDEMNITY & LIABILITY COMPANY,** | § | |
| **AND LIBERTY MUTUAL INSURANCE** | § | |
| **COMPANY,** | § | |
| *Defendants*. | § | |

**DEFENDANTS' RESPONSE
TO PLAINTIFF'S REPLY
TO DEFENDANTS' MOTION TO DISMISS
UNDER RULE 12(b)(3) AND 28 U.S.C. § 1406
OR ALTERNATIVELY TO STAY ALL PROCEEDINGS AND
TO COMPEL ARBITRATION**

TO THE HONORABLE UNITED STATES DISTRICT JUDGE:

Defendants AGCS MARINE INSURANCE COMPANY ("AGCS"), STARR INDEMNITY & LIABILITY COMPANY ("Starr"), LIBERTY MUTUAL INSURANCE COMPANY ("Liberty Mutual"), and PANTAENIUS AMERICA LTD., incorrectly sued herein as "PANTAENIUS AMERICAN YACHT INSURANCE" ("Pantaenius"), collectively referenced as "the Defendants," respectfully reply to the "Plaintiff's Response to Defendants' Motion to Dismiss for Lack of Subject Matter Jurisdiction, Improper Venue, and To Compel Arbitration." (Document #16.)

# I.
# SUMMARY OF ARGUMENT

- The insurance contract between the parties contains a valid and enforceable arbitration clause which requires that "*any and all* disputes arising under this policy shall be resolved exclusively by binding arbitration."

- The rule of the last antecedent is not applicable here.

- There is no ambiguity in the Policy that requires the Court to apply the doctrine of *contra proferentum*.

# II.
# RELEVANT FACTS

Plaintiff's suit arises out of an insurance dispute pertaining to the handling of an insurance claim submitted to the Defendants for alleged damage to the Plaintiff's yacht. Plaintiff contends that the insurer Defendants have failed to pay for all covered damage to the yacht resulting from a lightning strike.

It is undisputed that the Plaintiff's yacht was insured under Policy No. 20724372-11, a policy underwritten by the insurer Defendants, AGCS, Starr, and Liberty Mutual ("the Policy"). It is also undisputed that the Policy contains the following "Jurisdiction and Choice of Law" clause, which specifies, among other things, that *any and all* disputes arising under the Policy *shall* be submitted to binding arbitration to take place in New York pursuant to the Rules of the American Arbitration Association:

> **A11: JURISDICTION AND CHOICE OF LAW**
>
> This insurance policy shall be governed by and construed in accordance with well established and entrenched principles and precedents of substantive United States Federal Maritime Law, but where no such established and entrenched principles and precedents exist, the policy shall be governed and construed in accordance with the substantive laws of the State of New York, without giving effect to its conflict of laws principles, and the parties hereto agree that any and all disputes arising under this policy shall be resolved exclusively by binding arbitration to take place within New York County, in the State of New York, and to be conducted pursuant to the Rules of the American Arbitration Association.

# III.
# ARGUMENT AND AUTHORITIES

### A.  The Policy Requires That "Any And All Disputes" Be Submitted to Arbitration

Plaintiff submits that the arbitration provision in the Policy applies *only* where federal maritime law does not exist.[1]  A plain reading of the Policy's "Jurisdiction and Choice of Law" clause, however, reflects the parties' unambiguous agreement that "*any and all* disputes arising under this policy shall be resolved exclusively by binding arbitration."

The "Jurisdiction and Choice of Law" clause consists of two separate agreements.  First, the parties have specified their agreement as to choice of law.  They agree that where "well established and entrenched principles and precedents of substantive United States Federal Maritime Law" exist, the Policy shall be governed by such law.  Where no such established and entrenched principles and precedents exist, the parties have agreed to an alternative body of governing law, i.e., the "substantive laws of the State of New York."

Second, the parties have specified their agreement as to the legal forum which shall have jurisdiction. The Policy unambiguously states that "*any and all* disputes arising under this policy shall be resolved exclusively by binding arbitration to take place within New York County, in the State of New York, and to be conducted pursuant to the Rules of the American Arbitration Association." (Emphasis added.)  Contrary to the Plaintiff's position, the agreement as to an arbitration forum is simply *not* conditioned upon the absence of a body of established federal maritime law and is not limited to situations where New York substantive law applies.

### B.  Plaintiff Mischaracterizes the Arbitration Provision As A "Limiting Clause"

The linchpin of the Plaintiff's argument is that the arbitration portion of the "Jurisdiction and Choice of Law" clause is merely a limiting clause or phrase that triggers "the rule of the last

---

[1]   Plaintiff's Response at p. 2.

antecedent." Plaintiff argues that this requires the Court to hold the arbitration clause only modifies the phrase regarding the application of New York law.[2] Plaintiff urges the Court essentially to redraft the contract by arguing that the arbitration clause applies only in situations where there is no established federal maritime law. Such an interpretation simply mischaracterizes the contract.

First, the arbitration clause is not a "limiting" clause or phrase at all. It is a separate and independent clause, set apart by a comma, and containing its own subject ("*the parties hereto*"), verb ("*agree*"), and predicate ("*that any and all disputes arising under the policy shall be resolved exclusively by binding arbitration…*").

Second, to rebut the Plaintiff's argument that the "rule of the last antecedent" applies, that rule of grammatical construction applies when the modifying phrase is *not* separated from the immediately preceding noun or phrase by a comma. *See In re Tyco Int'l, Ltd. Multidistrict Litig.,* 322 F.Supp.2d 116, 119 (D. N.H. 2004). The *absence* of a comma will in most instances involve the application of the rule of the last antecedent, which provides that where "a limiting clause or phrase ... should ordinarily be read as modifying only the noun or phrase that it immediately follows." *United States v. Hayes,* 555 U.S. 415, 425 (2009) (quoting *Barnhart v. Thomas,* 540 U.S. 20, 26 (2003)).[3] Under the rule of the last antecedent, qualifying words, phrases, and clauses are to be applied to the words or phrases immediately preceding and are not to be construed as extending to others more remote. *Harris Cnty., Tex. v. Gist*, 976 F. Supp. 601, 613 (S.D. Tex. 1996). This is the argument being advanced by the Plaintiff here.

---

[2]  Plaintiff's Response at p. 8.

[3]  See also, *In re Tudor*, 342 B.R. 540, 554 (Bankr. S.D. Ohio 2005); and *In re Monro*, 282 B.R. 841, 844 (Bankr. N.D. Ohio 2002).

4

By comparison, when a comma *appears* between the disputed clause and the phrase(s) immediately preceding it, ***as here,*** the general rule of grammatical construction holds that the qualifying phrase applies not just to the phrase immediately preceding it, but instead to *all* of the antecedent phrases.  *In re Tudor*, 342 B.R. 540, 554 (Bankr. S.D. Ohio 2005).  *See also Elliot Coal Mining Co., Inc. v. Dir., Office of Workers' Comp. Programs,* 17 F.3d 616, 629-630 (3rd Cir. 1994) ("[U]se of a comma to set off a modifying phrase from other clauses indicates that the qualifying language is to be applied to all of the previous phrases and not merely to the immediately preceding phrase."); *In re Tyco Int'l, Ltd. Multidistrict Litig.,* 322 F.Supp.2d 116, 119 (D. N.H. 2004) (recognizing "exception to the rule of the last antecedent which applies when a comma is placed between the last antecedent and the qualifying phrase").[4]

Clearly, the arbitration clause here is set off from the choice of law provision in the Policy by a comma.  Therefore, the rule of the last antecedent is not applicable to the provision at issue.  Under the foregoing rules of grammatical construction, it is thus clear that the arbitration provision is not limited to those situations where New York law will apply.  To the contrary, the arbitration provision applies to "any and all" disputes arising under the Policy, including those where an established body of federal maritime law may exist.

C.     **<u>Entrenched Principles of Federal Maritime Law Do Not Govern This Dispute</u>**

Defendants maintain that the Court need not reach the issue of whether there is a body of well-established federal maritime law before enforcing the arbitration provision, as the arbitration provision applies to *all* disputes under the Policy.  Nonetheless, the Defendants will address the Plaintiff's contention by respectfully submitting that there is no body of federal maritime law governing all of the Plaintiff's causes of action brought under this Policy.

---

[4]   See also, *In re R.E. Loans, LLC*, No. 11-35865, 2012 WL 3262767, at *2 (Bankr. S.D. Tex. Aug. 8, 2012).

Plaintiff seems to urge the Court to apply a "geographic test" in assessing whether federal maritime law applies. For example, Plaintiff makes the statement in its Response that "Defendants do not dispute that U.S. Federal Maritime Law exists in Galveston County, Texas."[5] While Defendants obviously do not dispute that maritime law "exists" in Galveston County, the Plaintiff's argument misses the mark. Whether maritime law exists in the physical locale is not the relevant test. The appropriate test is whether a body of federal maritime law applies to the causes of action alleged or whether some other body of law applies.

Here, the Plaintiff's suit includes causes of action for alleged breaches of Chapter 541 of the Texas Insurance Code[6], alleged breaches of Chapter 541 of the Texas Insurance Code,[7] and breach of the common law duty of good faith and fair dealing.[8] All of these causes of action are clearly claims created by the Texas Legislature or recognized by the Supreme Court of Texas. None of these claims were created by or arise out any body of federal maritime law. Hence, no established federal maritime law exists with respect to these causes of action.

The Supreme Court of the United States long ago decided in *Wilburn Boat Co. v. Fireman's Fund Ins. Co.*, 348 U.S. 310, 75 S.Ct. 368 (1955), and its progeny that "the scope and validity of the [marine insurance] policy provisions here involved and the consequences of breaching them can only be determined by state law[.]" *Id*. at 315-316. Furthermore, the Court in *Wilburn Boat* declined the invitation to fashion federal controlling rules for maritime

---

[5] See Plaintiff's Response at p. 2.

[6] See Plaintiff's Original Petition at p. 6, ¶¶ 24 – 29.

[7] See Plaintiff's Original Petition at p. 8, ¶¶ 32 – 35.

[8] See Plaintiff's Original Petition at p. 9, ¶¶ 38 – 39. Although the Plaintiff does not cite its basis for its cause of action for breach of the duty of good faith and fair dealing, this is a cause of action under the common law of Texas whereby an insured may bring suit against its insurer where an insurer lacks a reasonable basis for denying or delaying payment of a claim. *See, e.g., Transportation Ins. Co. v. Moriel*, 879 S.W.2d 10 (Tex. 1994).

6

insurance contracts. "The whole judicial and legislative history of insurance regulation in the United States warns us against the judicial creation of admiralty rules to govern marine policy terms and warranties." *Id*. at 316. The Court emphasized that the Court had always treated marine insurance contracts, like all others, as subject to state control.

As a result, even though the Policy is a maritime contract giving rise to the exercise of the Court's admiralty jurisdiction, clearly the causes of action pertaining to violations of the Texas Insurance Code and breach of the Texas common law duty of good faith and fair dealing are governed by Texas law, not by an established body of federal maritime law.

D.     **The "Jurisdiction and Choice of Law" Clause Is Not Ambiguous**

Plaintiff also makes the unsupported allegation that the Policy's "Jurisdiction and Choice of Law" clause is ambiguous and should therefore be construed against the Defendants under the doctrine of *contra proferentum*. The "Jurisdiction and Choice of Law" clause is not ambiguous, however, as all its terms may be given full force and effect.

"Texas courts interpret insurance policies according to the rules of contract construction." *De Laurentis v. United Services Auto. Ass'n,* 162 S.W.3d 714, 721 (Tex.App.-Houston [14th Dist.] 2005, pet. denied). The primary objective of the court is to ascertain the parties' intent, as expressed in the written instrument. *See Forbau v. Aetna Life Ins. Co.,* 876 S.W.2d 132, 133 (Tex.1994); and *Likens v. Hartford Life & Acc. Ins. Co.,* 794 F. Supp. 2d 720, 725 (S.D. Tex. 2011) aff'd, 688 F.3d 197 (5th Cir. 2012).

Courts interpreting contractual provisions give the terms their plain, ordinary, and generally accepted meanings, unless otherwise defined by the parties. If an insurance policy is worded so that it can be given a definite meaning or certain legal meaning, then the policy is not ambiguous and is to be construed by the court as a matter of law. *Likens v. Hartford Life &*

7

*Acc. Ins. Co.,* 794 F.Supp.2d 720, 725 (S.D. Tex. 2011) aff'd, 688 F.3d 197 (5th Cir. 2012); and *Am. Mfrs. Mut. Ins. Co. v. Schaefer,* 124 S.W.3d 154, 157 (Tex. 2003).

Although an insured and the insurer in a coverage dispute are likely to take conflicting views of coverage, mere conflicting expectations or interpretations are not sufficient to *create* an ambiguity. *Likens v. Hartford Life & Acc. Ins. Co.,* 794 F. Supp. 2d 720, 725 (S.D. Tex. 2011) aff'd, 688 F.3d 197 (5th Cir. 2012). If, and only if, a court finds an ambiguity in the contract provisions should the court should construe the policy strictly against the insurer. *Nat'l Union Fire Ins. Co. of Pittsburgh, PA v. U.S. Liquids, Inc.,* 271 F.Supp.2d 926, 932 (S.D. Tex. 2003) (quoting *Forbau v. Aetna Life Ins. Co.,* 876 S.W.2d 132, 134 (Tex. 1994)). In the case at bar, all of the provisions of the "Jurisdiction and Choice of Law" clause may be harmonized and given their plain and ordinary meaning.

First, in the choice of law portion of the "Jurisdiction and Choice of Law" clause, the parties agree that where established federal maritime law exists, it shall be controlling. Where it does not exist, the substantive law of New York shall apply. Second, in the forum selection portion of the clause, the parties further agree that the appropriate forum for *all* disputes shall be via arbitration in New York. Hence, there is no ambiguity in the "Jurisdiction and Choice of Law" clause quoted herein.

E.  **Fifth Circuit Resolves Doubts In Favor of Arbitration**

The Fifth Circuit resolves doubts concerning the scope of an arbitration clause in favor of arbitration. *Pennzoil Exploration & Prod. Co. v. Ramco Energy Ltd.*, 139 F.3d 1061, 1067 (5th Cir. 1998). Arbitration should not be denied unless it can be said with positive assurance that an arbitration clause is not susceptible to an interpretation which would cover the dispute at issue. *Mar-Len of Louisiana, Inc. v. Parsons-Gilbane*, 773 F.2d 633, 635 (5th Cir. 1985).

8

Whether a contract's arbitration clause requires arbitration of a given dispute is a matter of contract interpretation, which is to be performed by the Court. *Totem Marine Tug & Barge, Inc. v. North American Towing, Inc.,* 607 F.2d 649, 651 (5th Cir. 1979); and *Beckham v. William Bayley Co.,* 655 F. Supp. 288, 290 (N.D. Tex. 1987). The court's interpretive function must be carried out with appropriate deference to the strong federal policy that favors arbitration over litigation and requires that arbitration clauses be construed generously, in favor of arbitration. *Beckham v. William Bayley Co.,* 655 F. Supp. at 290.

The Federal Arbitration Act, 9 U.S.C. § 2, by its terms leaves no place for the exercise of discretion by a district court, but instead mandates that the court shall direct the parties to proceed to arbitration on issues to which an arbitration agreement has been signed. *Dean Witter Reynolds, Inc. v. Byrd,* 470 U.S. 213, 217-18, 105 S.Ct. 1238, 1241, 84 L.Ed.2d 158 (1985).

The question of arbitrability is determined on the basis of the existence of an arbitration clause that on its face appears broad enough to encompass the parties' claims. *Mar-Len of Louisiana, Inc. v. Parsons-Gilbane*, 773 F.2d 633, 635 (5th Cir. 1985). A presumption of arbitrability exists requiring that whenever the scope of an arbitration clause is fairly debatable or reasonably in doubt, the court should decide the question of construction in favor of arbitration. *Id.* At 635. Accordingly, arbitration should not be denied unless it can be said with certainty that the arbitration clause at issue is not susceptible to an interpretation that it could cover the issue in dispute. *Id.* at 636.

### IV.
### CONCLUSION AND PRAYER

Because a valid, enforceable arbitration agreement exists that pertains to the Plaintiff's claims against Defendants, and because this dispute invokes and directly involves the contractual relationship between the parties, the Court should dismiss the Plaintiffs' claims

9

against all Defendants in favor of binding arbitration in New York as called for under the insurance contract's arbitration clause. Alternatively, the Court should stay all proceedings in this litigation and compel the Plaintiff to submit its claims to the binding arbitration required under the Policy.

        Respectfully submitted,

        MARTIN, DISIERE, JEFFERSON & WISDOM, L.L.P.

        By: */s/ Christopher W. Martin*
           Christopher W. Martin
           TBA No. 13057620
           Federal I.D. No. 13515
           *Email:* martin@mdjwlaw.com

        808 Travis, 20th Floor
        Houston, Texas   77002
        Telephone:  (713) 632-1700
        Facsimile:   (713) 222-0101

        **ATTORNEY-IN-CHARGE FOR DEFENDANTS**

**Of Counsel**:

P. Wayne Pickering
TBA No. 15975030
Federal I.D. No. 12693
*Email:* pickering@mdjwlaw.com
MARTIN, DISIERE, JEFFERSON & WISDOM, L.L.P.
808 Travis, 20th Floor
Houston, Texas   77002
Telephone:  (713) 632-1700
Facsimile:   (713) 222-0101

## CERTIFICATE OF SERVICE

This is to certify that a true copy of the above and foregoing instrument has been forwarded to all counsel listed below on May 11, 2015, through electronic service via the Court's CM/ECF system:

>Anthony G. Buzbee
>Tbuzbee@txattorneys.com
>Christopher J. Leavitt
>Cleavitt@txattorneys.com
>THE BUZBEE LAW FIRM
>J.P. Morgan Chase Tower
>600 Travis, Suite 7300
>Houston, Texas 77002
>Phone: 713-223-5393
>Fax: 713-223-5909
>
>**Attorneys for Plaintiff**

>*/s/ P. Wayne Pickering*
>P. Wayne Pickering