IN THE UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
GALVESTON DIVISION

| | |
|---|---|
| WORLDWIDE PRIORITIES, LTD., § | |
| Plaintiff, § | |
| § | |
| VS. § | |
| § | |
| § | C.A. NO.   3:15-CV-47 |
| PANTAENIUS AMERICAN YACHT § | |
| INSURANCE, AGCS MARINE INS. § | |
| COMPANY, STARR INDEMNITY & § | |
| LIABILITY COMPANY, AND LIBERTY § | |
| MUTUAL INSURANCE COMPNAY, § | |
| Defendants. § | |

**PLAINTIFF'S SURREPLY TO DEFENDANTS' REPLY RE MOTION TO DISMISS FOR LACK OF SUBJECT MATTER JURISDICTION, IMPROPER VENUE AND TO COMPEL ARBITRATION**

TO THE HONORABLE COURT:

Plaintiff files this reply to Defendants' Reply (incorrectly filed as a "Response") at Document No. 17 (hence "Plaintiff's Reply"):

### I. SUMMARY ARGUMENT

This is a dispute about a maritime contract insuring an ocean-going 120' yacht, the *Mas Grande*. The yacht sustained damage while in the navigable waters of the United States, in Galveston County, Texas. Defendants are U.S.-based entities, or otherwise registered/permitted to conduct their business affairs within the United States. The insurance policy was sold and executed in Texas. By default in the parties' agreement, the policy is "governed" by the "entrenched principles and precedents" of United States Federal Maritime Law. Exhibit No. 1 at 4. "[B]ut where no such [Federal Maritime Law] exist," then the parties agree to apply the laws of the State of New York law, and an arbitral panel sitting in New York. *Id.*

But Defendants contend that the word "exist" does not mean existence but something else. They contend that the word means "applies." Thus, the issue of "where" Federal Maritime Law "exists" merely means "when" it "applies."

The immediate problem with Defendants' approach is that the plain meanings of the words "exist" and "apply" are not interchangeable, and no precedent exists in the English language to use them as synonyms. Defendants themselves struggle with the incongruity. They acknowledge that "the [insurance policy] is a maritime contract giving rise to the exercise of the Court's admiralty jurisdiction."[1] But to avoid the consequence of this admission, Defendants make the awkward retraction that because Plaintiff's allege a cause of action "governed by Texas law," then Federal Maritime Law has ceased to exist in the dispute.

Neither the English language nor common sense merits this sort of tortured interpretation. The parties' agreement is plain: Where Federal Maritime Law exists nothing else needs to be specified. Federal Maritime Law provides for forum, venue, and everything else. But where such law does not exist – a circumstance not unusual in a global maritime world – then the parties choose New York law, explicitly override its choice of law principles, and agree to proceed before an arbitral panel sitting in that state.

A)   "Exist" does not mean "Apply"

Reducing the expansive meaning of "exists" to "applies" will reduce the policy's "Federal Maritime Law" provision to mere surplusage. The challenged provision, at Section A11, is reproduced below:

---

[1] D's Reply at 7

2

> **A11: JURISDICTION AND CHOICE OF LAW**
> This insurance policy shall be governed by and construed in accordance with well established and entrenched principles and precedents of substantive United States Federal Maritime Law, but where no such established and entrenched principles and precedents exist, the policy shall be governed and construed in accordance with the substantive laws of the State of New York, without giving effect to its conflict of laws

Even though this provision addresses "where" Federal Maritime Law "exists" or otherwise, Defendants argue that the existence of federal maritime law in a particular place "is not the relevant test." Rather, the "appropriate test" is whether federal maritime law "applies to the causes of action alleged or whether some other body of law applies." D's Reply at 5-6.  In this case Plaintiff alleges causes of action under Texas state law. *Id.*  Indeed, Defendants observe that the current dispute concerns "the scope and validity" of an insurance policy, which "can only be determined by state law." [2]

But this is wrong.  The implication of this approach is that a cause of action will *always* be necessary in order to determine the governing law in the policy. Moreover, the fact that the insurance policy, like all contracts, may involve the application of state law does not mean that federal maritime law has no place in it; otherwise the provision for Federal Maritime Law makes no sense or is mere surplusage. Nothing in the contract suggests that the parties intended this incongruous outcome.  The agreement to proceed under Federal Maritime Law where it exists has to mean just that – deferring to the jurisdiction and laws of the United States of America, where it exists.

---

[2] D's Reply at 6 (*Citing Wilburn Boat Co. v. Fireman's Fund Ins. Co.*, 348 U.S. 310, 75 S.Ct. 368 (1955))

**B)** **The Arbitration Clause clarifies and limits the choice of New York Law and an arbitral forum sitting in New York, both of which only apply where U.S. Federal Maritime Law does not exist to perform the same functions**

As written, the Policy does not put a proceeding under New York Law on the same footing as a proceeding under Federal Maritime Law. For example, it overrides the "conflict of laws" principles for New York but does not do so for Federal Maritime Law.  Where Federal Maritime Law exists, it applies to the fullest extent, including its choice of law, venue and other principles.  Federal Maritime Law provides how this dispute's fact issues will be resolved – through a bench trial to this Court.  Federal Maritime Law provides this Court with the "litigation arena" for this dispute – United Stated District Court.  Federal Maritime Law is also clear on how this dispute will be tried to verdict.

This is not the case when a dispute arises outside the reach of U.S. Federal Maritime Law. Thus the parties provide for the application of New York law without regard to its choice of law principles, to be applied by an arbitral forum sitting in New York, *See* Section A11 below.

> **A11: JURISDICTION AND CHOICE OF LAW**
>
> This insurance policy shall be governed by and construed in accordance with well established and entrenched principles and precedents of substantive United States Federal Maritime Law, but where no such established and entrenched principles and precedents exist, the policy shall be governed and construed in accordance with the substantive laws of the State of New York, without giving effect to its conflict of laws principles, and the parties hereto agree that any and all disputes arising under this policy shall be resolved exclusively by binding arbitration to take place within New York County, in the State of New York, and to be conducted pursuant to the Rules of the American Arbitration Association.[1]

An examination of the skeletal frame of Section A11 may help illustrate the inter-relationship of the different parts. If we consider that "A" represents Federal Maritime Law, "B"

4

represents the laws of the State of New York, and "B-1" represents binding arbitration in New York County, then the provision reads like this:

> *"A" applies, but if "A" does not exist, then "B" applies, and "B-1" also applies.*

Ordinarily, and under the rule of last antecedent, B-1 (the arbitration clause) only modifies/limits B and not A. Nevertheless, Defendants make two contentions. First, they contend that the arbitration clause is "a separate and independent clause," hence it cannot be limiting on the immediately preceding clause. This contention simply overlooks the presence of the connector, "and," whose presence obviates any notion of separateness and independence. The "and" emphasizes the drafter's intent to make the arbitration clause a continuation of, and not separate and independent from, the provision coming before it.

Next, Defendants rely on the presence of a comma to create an "exception" to the rule of last antecedent.   They do not cite any authority for this position, but rely on a number of cases exploring the position that the rule of last antecedent may be overcome in an appropriate case. *See, e.g.   United States v. Hayes*, 129 S.Ct. 1079, 1086 (2009) (rule of last antecedent can be overcome by other indicia of meaning, quoting *Barnhart v. Thomas,* 540 U.S. 20, 26 (2003)).

Certainly the presence of a comma does not create an exception to the rule of last antecedent, and Defendant's suggestion to the contrary is mistaken.  One of the more celebrated legal episodes demonstrating the force of the rule of last antecedent involved Article 2, Section 1, Clause 6 of the U.S Constitution, reproduced in part below:

> *In case of the removal of the President from office, or of his death, resignation, or inability to discharge the powers and duties of the said office, the same shall devolve on the Vice President.*

Under the rule of last antecedent "the said office" devolves on the Vice President.[3] Thus, without constitutional mayhem, Vice President John Tyler succeeded President William Henry Harrison who died on April 4, 1861. In this example, and in virtually every case, there is no place for a "comma" exception to the rule of last antecedent that Defendants advocate.

### III. CONCLUSION

By default under the parties agreement, the insurance policy is governed under U.S. Federal Maritime Law to its full extent.  But where U.S Federal Maritime Law does not exist, the parties chose to apply New York law, overriding its conflicts of law and venue provisions, and proceeding before an arbitral forum in New York.  The phrase *any and all* is not talismanic, and its presence somewhere in the contract should not subvert contractual intent.  This contract, like any other contract, should be examined under established principles of contract law. The parties' intent to provide for the resolution of U.S.-based disputes under U.S. Federal Maritime Law, and extra-territorial disputes by arbitration under New York Law should be given full effect.  Defendants' motions to transfer this local, Galveston County dispute to New York City, or dismiss for arbitration under New York law, should be denied.

### IV. PRAYER

For these reasons, Plaintiff respectfully asks this Court to deny Defendants' motions.

---

[3] *See Scalia & Garner,* "Reading Law: The Interpretation of Legal Texts," 140-166 (2012).

Respectfully submitted,

**THE BUZBEE LAW FIRM**

By: */s/ Anthony G. Buzbee*
Anthony G. Buzbee
State Bar No. 24001820
S.D. Tex. ID No. 22679
JPMorgan Chase Tower
600 Travis, Suite 7300
Houston, Texas 77002
Tel: (713) 223-5393
Fax: (713) 223-5909

**ATTORNEY FOR PLAINTIFF**

OF COUNSEL:
Christopher J. Leavitt
State Bar No. 24053318
S.D. Tex ID NO. 1045581

**CERTIFICATE OF SERVICE**

I hereby certify that the foregoing document was served in compliance with the Federal Rules of Civil Procedure on May 15, 2015 as indicated below:

*/s/ Anthony G. Buzbee*
Anthony G. Buzbee

7